**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | 1:12-cv-1282 (JEB) |
| vs. | ) ) ) | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S ANSWER**

Defendant, the Office of the Director of National Intelligence ("ODNI"), hereby answers the Freedom of Information Act ("FOIA") complaint by Plaintiff Electronic Privacy Information Center ("EPIC").

**First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Information EPIC seeks in its FOIA request is exempt from production under FOIA.

**Third Affirmative Defense**

Plaintiff's claims are barred by its failure to timely exhaust administrative remedies.

**Fourth Affirmative Defense**

Defendant's actions did not violate FOIA or any other statute, regulation, or provision of law.

**Defendant's Responses to the Numbered Paragraphs**

Answering the numbered paragraphs of Plaintiff's complaint, Defendant responds as follows:

1. This paragraph sets forth Plaintiff's characterization of this action and thus is a legal conclusion to which no response is required.

2. This paragraph sets forth Plaintiff's characterization of this action and thus is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

3. This paragraph sets forth Plaintiff's assertion of jurisdiction and thus is a legal conclusion to which no response is required.

## PARTIES

4. This paragraph sets forth EPIC's characterization of itself, about which Defendant lacks sufficient knowledge to confirm or deny.

5. Defendant admits that the National Counterterrorism Center ("NCTC") is a component of ODNI, an agency of the U.S. Government headquartered in Washington, D.C. Paragraph 5 otherwise contains a legal conclusion to which no response is required.

## FACTS

### The NCTC Guidelines

6. Admit that the *New York Times* published an article on March 23, 2012. Paragraph 6 otherwise contains a characterization of this article, to which Defendant respectfully refers the Court for the full and accurate contents thereof.

7. Admit that the *New York Times* published an article on March 23, 2012. Paragraph 7 otherwise contains a characterization of this article, to which Defendant respectfully refers the Court for the full and accurate contents thereof.

8. Admit that the *New York Times* published an article on March 23, 2012. Paragraph 8 otherwise contains a characterization of this article, to which Defendant respectfully refers the Court for the full and accurate contents thereof.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit that paragraph 15 contains an accurate quote. Paragraph 15 otherwise contains a legal conclusion, to which no response is required.

16. Paragraph 16 contains a legal conclusion to which no response is required.

17. Admit that paragraph 17 contains accurate quotes. Paragraph 17 otherwise contains legal conclusions to which no response is required.

18. Admit that paragraph 18 contains an accurate quote. Paragraph 18 otherwise contains a legal conclusion to which no response is required.

19. Admit that paragraph 19 contains an accurate quote. Paragraph 19 otherwise contains a legal conclusion to which no response is required.

20. Paragraph 20 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required.  To the extent Plaintiff re-alleges the

preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. To the extent the paragraph characterizes the FOIA requests at issue in this action, no response is required because EPIC's FOIA requests speak for themselves. The Court is respectfully referred to the requests for a full and accurate statement of its contents. To the extent the paragraph describes EPIC's deliberations and motivations, Defendant is without sufficient information to admit or deny. To the extent a response is required, deny that Plaintiff requested expedited processing in its March 28, 2012 FOIA request.

28. Admit that paragraph 28 accurately quotes EPIC's FOIA requests. The remainder of the paragraph characterizes the FOIA requests, to which no response is required because EPIC's FOIA requests speak for themselves. Defendant respectfully refers the Court to the requests for a full and accurate statement of its contents.

29. Defendant admits that EPIC requested a fee waiver. The remainder of the paragraph constitutes a legal conclusion to which no response is required.

**ODNI's Determination Regarding EPIC's FOIA Request**

30.     Paragraph 30 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required.  To the extent Plaintiff re-alleges the preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

31.     Admit that paragraph 31 accurately quotes the text of ODNI's March 29, 2012 letter. The remainder of the paragraph characterizes ODNI's letter, to which no response is required because EPIC's FOIA requests speak for themselves. Defendant respectfully refers the Court to the requests for a full and accurate statement of its contents. To the extent a response is required, deny with respect to expedited processing; otherwise, admit.

32.     Admit.

33.     Admit that paragraph 33 accurately quotes the text of ODNI's July 5, 2012 letter. The remainder of the paragraph characterizes ODNI's letter, to which no response is required because EPIC's FOIA requests speak for themselves. Defendant respectfully refers the Court to the requests for a full and accurate statement of its contents.

34.     Admit.

35.     Admit that paragraph 35 accurately quotes the text of ODNI's July 5, 2012 letter. The remainder of the paragraph characterizes ODNI's letter, to which no response is required because EPIC's FOIA requests speak for themselves. Defendant respectfully refers the Court to the requests for a full and accurate statement of its contents.

36.     Admit.

37.     Admit that paragraph 37 accurately quotes the text of ODNI's July 5, 2012 letter. The remainder of the paragraph characterizes ODNI's letter, to which no response is required

because EPIC's FOIA requests speak for themselves. Defendant respectfully refers the Court to the requests for a full and accurate statement of its contents.

38. Admit.

39. Deny with respect to the FOIA request assigned file number DF-2012-00091, to which ODNI further responded on August 14, 2012. Otherwise, admit.

40. Admit.

### EPIC's Constructive Exhaustion

41. Paragraph 41 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required.  To the extent Plaintiff re-alleges the preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

42. Defendant admits that EPIC transmitted a letter by fax to ODNI on June 8, 2012. Defendant denies that EPIC's letter constitutes a timely administrative appeal under FOIA.

43. Defendant admits that the letter transmitted by plaintiff on June 8, 2012 purportedly renews EPIC's request for "news media" status. Defendant denies that EPIC's letter constitutes a timely administrative appeal under FOIA.

44. The allegation in this paragraph constitutes Plaintiff's legal conclusion to which no response is required.

45. The allegation in this paragraph constitutes Plaintiff's legal conclusion to which no response is required.

### Count I

46. Paragraph 46 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required.  To the extent Plaintiff re-alleges the preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

47. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

48. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

49. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

## Count II

50. Paragraph 50 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required. To the extent Plaintiff re-alleges the preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

51. Admit that ODNI has not provided any responsive records to EPIC. The remainder of the paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

52. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

53. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

54. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

## Count III

55. Paragraph 55 contains Plaintiff's incorporation of previous paragraphs by reference, to which no response is required. To the extent Plaintiff re-alleges the preceding paragraphs, Defendant refers the Court to its responses to specific preceding paragraphs.

56. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

57. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

58. This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, deny.

## **Requested Relief**

The remainder of the complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant hereby denies all other allegations not expressly admitted or denied.

THEREFORE, having fully answered, Defendant requests that this action be dismissed with prejudice and that Defendant be given such other relief as the Court deems just and proper.

Dated: *October 1, 2012*                    Respectfully submitted,

                                            STUART F. DELERY
                                            Acting Assistant Attorney General

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director

                                             */s/ Eric J. Soskin*
                                            ERIC J. SOSKIN (PA Bar 200663)
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W.

        Washington, D.C. 20530
        Tel: (202) 353-0533
        Fax: (202) 305-2685
        Email: Eric.Soskin@usdoj.gov

        Attorneys for Respondents