**EXHIBIT G**

ELECTRONIC PRIVACY INFORMATION CENTER

epic.org  DF-2012-00090

JUN 18 2012

1718 Connecticut Ave NW
Suite 200
Washington DC 20009
USA
+1 202 483 1140 [tel]
+1 202 483 1248 [fax]
www.epic.org

June 15, 2012

VIA FACSIMILE: 703-874-8910

FOIA Officer
Office of the Director of National Intelligence
Washington, DC 20511

Re: Freedom of Information Act Request

Dear FOIA Officer,

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted on behalf of the Electronic Privacy Information Center ("EPIC") to the Office of the Director of National Intelligence ("ODNI").

EPIC seeks National Counterterrorism Center's ("NCTC") documents regarding acquisition of databases from other intelligence agencies, as described in the Guidelines for Access, Retention, Use, and Dissemination by the National Counterterrorism Center and Other Agencies of Information in Datasets Containing Non-Terrorism Information ("NCTC Guidelines").

Background

On March 22, 2012, the New York Times reported that Attorney General Eric Holder had signed new guidelines for the NCTC which would relax restrictions on how counterterrorism analysts may retrieve, store, and search information about Americans.[1] The Washington Post corroborated this.[2]

The NCTC Guidelines allow the NCTC to make more copies of entire datasets then data mine those copies using complex algorithms.[3]

---

[1] Charlie Savage, *U.S. Relaxes Limits on Use of Data in Terror Analysis*, New York Times, Mar. 22, 2012, http://www.nytimes.com/2012/03/23/us/politics/us-moves-to-relax-some-restrictions-for-counterterrorism-analysis.html?_r=1
[2] Sari Horwitz and Ellen Nakashima, *New Counterterrorism Guidelines Permit Data on U.S. Citizens to be Held Longer*, Mar. 22, 2012, http://www.washingtonpost.com/world/national-security/new-counterterrorism-guidelines-would-permit-data-on-us-citizens-to-be-held-longer/2012/03/21/gIQAFLm7TS_story.html?wprss=
[3] Charlie Savage, *U.S. Relaxes Limits on Use of Data in Terror Analysis*, New York Times, Mar. 22, 2012, http://www.nytimes.com/2012/03/23/us/politics/us-moves-to-relax-some-restrictions-for-counterterrorism-analysis.html?_r=1

Section (B)(2)(a) of the NTCT Guidelines states "NCTC will ensure mechanisms are in place at NCTC to correct or document the inaccuracy or unreliability of [ ] information, and supplement incomplete information to the extent additional information becomes available."[4]

Section (B)(3) provides that "all NCTC employees, NCTC contractors, and detailees and assignees to NCTC from other agencies" who have access to the databases will receive "training in the use of each dataset to which they will have access to ensure that these personnel use the datasets only for authorized NCTC purposes and understand the baseline and enhanced safeguards, dissemination restrictions, and other privacy and civil liberties protections they must apply to each such dataset."[5]

Section (C)(3)(d)(3) provides that "[a]ccess to these datasets will be monitored, recorded, and audited" in a way that keeps track of "logons and logoffs, file and object manipulation and changes, and queries executed . . ."[6]

Finally, Section (C)(3)(e) mandates that whenever NCTC acquires a new dataset, or portion thereof, "the Director of NCTC or Designee shall determine, in writing, whether enhanced safeguards, procedures, and oversight mechanisms are needed."[7]

EPIC now requests the documents pertaining to these guidelines. Because the ODNI is the parent agency if the NCTC, we direct this request to you.[8]

Documents Requested

EPIC requests the following documents:

1. The guidelines and mechanisms for the correction or documentation of "inaccuracy or unreliability of [ ] information, and supplement incomplete information to the extent additional information becomes available;"
2. Training materials used to "ensure that [ ] personnel use the datasets only for authorized NCTC purposes and understand the baseline and enhanced safeguards, dissemination restrictions, and other privacy and civil liberties protections they must apply to each such dataset;"
3. Any information or documentation related to abuse, misuse, or unauthorized access of datasets acquired by NCTC (as indicated by the monitoring, recording, and auditing described in Section (C)(3)(d)(3));

---

[4] United States Department of Justice, Office of the Attorney General, Guidelines for Access, Retention, Use, and Dissemination by the National Counterterrorism Center and Other Agencies of Information in Datasets Containing Non-Terrorism Information (Mar. 22, 2012), Pg. 6, *available at* https://www.documentcloud.org/documents/327629-nctc-guidelines.html.
[5] *Id.*
[6] *Id.* at 9.
[7] *Id.* at 10.
[8] Office of the Director of National Intelligence, homepage, http://www.dni.gov/index.html

4. Written determinations by the Director of NCTC or designee regarding "whether enhanced safeguards, procedures, and oversight mechanisms are needed."

Request for "News Media" Fee Status

EPIC is a "representative of the news media" for fee waiver purposes.[9] Based on our status as a "news media" requester, we are entitled to receive the requested record with only duplication fees assessed. Further, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," any duplication fees should be waived.

Request for Expedited Processing

This request warrants expedited processing because it is made by "a person primarily engaged in disseminating information ..." and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001).

EPIC is "primarily engaged in disseminating information." *American Civil Liberties Union v. Department of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004).

There is a particular urgency for the public to obtain information about the NCTC's new Guidelines. Many national news media outlets covered this development because the sharing of these datasets has profound privacy implications for U.S. persons and marks a strong departure from earlier guidelines.

Thank you for your consideration of this request. As provided in 6 C.F.R. § 5.5(d)(4), I will anticipate your determination on our request within ten (10) business days. For questions regarding this request I can be contacted at 202-483-1140 ext. 102 or FOIA@epic.org.

Respectfully Submitted,

Pavel Sternberg
EPIC IPIOP Clerk

Ginger P. McCall
Director, EPIC Open Government Project

---

[9] *EPIC v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003).

# EXHIBIT H

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC 20511

Ms. Ginger P. McCall
Electronic Privacy Information Center
1718 Connecticut Avenue
Suite 200
Washington, DC 20009

JUL 5 2012

Reference: DF-2012-00090

Dear Ms. McCall:

We received your 15 June 2012 facsimile to the Office of the Director of National Intelligence, wherein you requested, under the Freedom of Information Act (FOIA), the following information with respect to National Counterterrorism Center's (NCTC) Guidelines for Access, Retention, Use, and Dissemination by the National Counterterrorism and Other Agencies of Information in Datasets Containing Non-Terrorism Information:

> "1. The guidelines and mechanisms for the correction or documentation of 'inaccuracy or unreliability of [] information, and supplement incomplete information to the extent additional information becomes available;
>
> 2. Training materials used to 'ensure that [] personnel use the datasets only for authorized NCTC purposes and understand the baseline and enhanced safeguards, dissemination restrictions, and other privacy and civil liberties protections they must apply to each such dataset;
>
> 3. Any information or documentation related to abuse, misuse, or unauthorized access of datasets acquired by NCTC (as indicated by the monitoring, recording, and auditing described in Section (C)(3)(d)(3));
>
> 4. Written determinations by the Director of NCTC or designee regarding 'whether' enhanced safeguards, procedures, and oversight mechanisms are needed."

We accept your request and it will be processed in accordance with the FOIA, 5 U.S.C. § 552, as amended.

With respect to your request for expedited processing, please be advised that ODNI handles all requests in the order we receive them on a "first-in, first-out" basis. We make exceptions to this rule only when a requester establishes a compelling need under the standards in our regulations. A "compelling need" exists: 1) when the matter involves an imminent threat to the life or physical safety of an individual, or 2) when a person primarily engaged in disseminating information makes the request and the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity. Your request does

Ms. Ginger McCall

not demonstrate a "compelling need" under these criteria and, therefore, we deny your request for expedited processing.

If you have any questions, please call the ODNI Requester Service Center at (703) 874-8500.

Sincerely,

John F. Hackett
Chief, Information and Data Management Group

# EXHIBIT I

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC 20511

FEB 12 2013

Ms. Ginger McCall
Electronic Privacy Information Center
1718 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20009

Reference: DF-2012-00090; EPIC v. ODNI, Case # 1:12-cv-01282-JEB

Dear Ms. McCall:

This serves as an interim response to your 15 June 2012 letter to the Office of the Director of National Intelligence ("ODNI"), wherein you requested, under the Freedom of Information Act ("FOIA"):

1. **The guidelines and mechanisms for the correction or documentation of "inaccuracy or unreliability of [ ] information, and supplement incomplete information to the extent additional information becomes available;"**

2. **Training materials used to "ensure that [ ] personnel use the datasets only for authorized NCTC purposes and understand the baseline and enhanced safeguards, dissemination restrictions, and other privacy and civil liberties protections they must apply to each such dataset;"**

3. **Any information or documentation related to abuse, misuse, or unauthorized access of datasets acquired by NCTC (as indicated by the monitoring, recording and auditing described in Section (C)(3)(d)(3)).**

4. **Written determinations by the Director of NCTC or designee regarding "whether enhanced safeguards, procedures, and oversight mechanisms are needed."**

As subsequently negotiated with the Department of Justice, you revised your request and limited it to only records related to the revised NCTC AG Guidelines of March, 2012, and to documents that are final and not pre-decisional or deliberative in nature.

Your request was processed in accordance with the FOIA, 5 U.S.C. § 552, as amended. With respect to item 1, The ODNI was unable to locate any information responsive to your request.

With respect to item 2, four responsive documents were located and they are being released in segregable form with deletions made pursuant to FOIA Exemptions 1, 2, 3, and/or 6; 5 U.S.C. § 552 (b)(1), (b)(2), (b)(3), and (b)(6). The documents, as redacted, are enclosed herewith.

With respect to item 3, please be advised that responsive material was located by the ODNI and is currently under review, and is being coordinated with other government agencies. We will provide a final response to this portion of your request once our reviews and external coordinations have been completed.

With respect to item 4, the ODNI was unable to locate any information responsive to your request.

Exemption 1 protects information which is currently and properly classified in accordance with Executive Order 13526. Exemption 2 protects records that relate solely to internal personnel rules and practices of an agency. Exemption 3 protects information that is specifically covered by statute. In this case, the applicable statutes are the National Security Act of 1947, as amended, 50 U.S.C. § 403-1, which protects information pertaining to intelligence sources and methods, and the Central Intelligence Agency Act of 1949, 50 U.S.C. § 403g, as amended, which protects, among other things, the names and other identifying information of personnel. Exemption 6 protects information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

The ODNI regulation governing administrative appeals is set forth in 32 CFR § 1700.13. This regulation states that no appeal shall be accepted if the information in question is the subject of pending litigation in federal courts.

Sincerely,

John F. Hackett
Chief, Information and Data Management Group

Enclosures