**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION  CENTER, | ) ) ) | |
| Plaintiff, | ) ) | 1:12-cv-1282 (JEB) |
| vs. | ) ) | |
| OFFICE OF THE DIRECTOR OF  NATIONAL INTELLIGENCE | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PREMATURE MOTION FOR ATTORNEY'S FEES AND TO STAY BRIEFING**
<u>**PENDING RESOLUTION OF THE MERITS**</u>

Defendant, the Office of the Director of National Intelligence ("ODNI"), respectfully moves to strike Part II (pages 22 through 27) from Docket No. 12-2, a *de facto* motion for attorney's fees and costs embedded in the document Plaintiff has titled "Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment." Plaintiff's arguments do not seek relief on the merits but instead request that the Court prematurely rule on the secondary issues of entitlement and eligibility to attorney's fees. Plaintiff sought this relief without complying with the meet-and-confer requirements of Local Civil Rule 7(m) or the requirements of Federal Civil Rule 7(b) that all requests for relief be made by motion. Plaintiff's filing also undermines judicial economy by setting the stage for duplicative briefing of the issue of attorney's fees and costs, by negating the incentives for the parties to reach a settlement of this issue without the Court's involvement, and undercutting the parties' agreed-upon briefing schedule by introducing briefing

1

on unanticipated and inapposite issues. For these reasons, ODNI requests that the Court strike the portion of Plaintiff's brief pertaining to attorney's costs and fees and to postpone further briefing of this issue until the case has been resolved on the merits (at which time ODNI would request the Court enter a conference-and-briefing schedule pursuant to Local Civil Rule 54.2).[1] An accompanying Memorandum of Points and Authorities and a proposed order are attached.

Dated: June 28, 2013

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ Eric J. Soskin
ERIC J. SOSKIN
PA Bar 200663
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Email:  eric.soskin@usdoj.gov
Tel:     (202) 353-0533
Fax:    (202) 616-8470

*Counsel for Defendant*

---

[1] Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with Plaintiff's counsel prior to filing this motion. Plaintiff's counsel declined to consent to either form of relief sought herein.

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | 1:12-cv-1282 (JEB) |
| vs. | ) ) ) | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S PREMATURE MOTION FOR ATTORNEY'S FEES AND TO STAY BRIEFING PENDING RESOLUTION OF THE MERITS**

**INTRODUCTION**

In this Freedom of Information Act ("FOIA") lawsuit, Plaintiff Electronic Privacy Information Center ("EPIC") seeks records from the Office of the Director of National Intelligence ("ODNI") and its component, the National Counterterrorism Center ("NCTC"). On June 14, 2013, EPIC filed a "Memorandum of Points and Authorities," dkt. no. 12-2, purportedly supporting its "Opposition to Defendant's Motion for Summary Judgment and . . . Plaintiff's Cross-Motion for Summary Judgment." As Plaintiff acknowledges in that brief, however, the final seven pages of Plaintiff's argument is entirely unrelated to summary judgment and instead requests separate, non-dispositive relief related to attorney's fees and costs incurred in the litigation. The Court should strike Plaintiff's premature attempt to argue this collateral issue because: 1) Plaintiff failed to comply with the text and purposes of Local Rule 7(m) and the requirements of Federal Rule of Civil Procedure 7(b); 2) the issue of attorney's fees and costs is not ripe for briefing at this stage of the litigation; and 3) premature briefing of attorney's fees and

1

costs undercuts the likelihood that the parties will reach settlement of this issue on their own, as contemplated by Local Civil Rule 54.2.

## PERTINENT FACTUAL BACKGROUND

Detailed factual background on this litigation and the FOIA requests at issue are contained in ODNI's opening brief in support of its motion for summary judgment, *see* dkt. no. 11. Only a portion of the case background is relevant to the instant motion.

In particular, after making broad requests for information pursuant to FOIA, EPIC filed the Complaint on August 1, 2012, less than four weeks after ODNI notified Plaintiff that it had received three of the FOIA requests at issue.[2]  *See* dkt. no. 1. ODNI answered the Complaint on October 1, 2012, and within two weeks, the parties reached agreement to narrow the requests to permit ODNI to search a manageable universe of potentially-responsive materials and to enable ODNI to specify a timetable for completing an adequate search. Following this agreement, ODNI completed its searches for the requested material and processed it for a response in a period stretching from four to five months.[3]

There are a total of twenty-nine documents which are at issue in this litigation. Twenty-one of these constitute documents identified by ODNI as not technically responsive to Plaintiff's FOIA requests, but processed as a matter of agency discretion and withheld-in-full. *See* Declaration of Mark J. Ewing ("Ewing Declaration")*,* dkt. no. 11-2, at ¶ 20 . At summary judgment, Plaintiff's challenge is to ODNI's application of exemptions to the twenty-one documents withheld in full and to ODNI's conclusion that all segregable portions of these documents had been released. *See* dkt. no. 12-2 at 7 (challenging the "38 pages of responsive material, taken from 21 documents, [withheld] in their entirety.").

On May 10, 2013, Defendant filed its motion for summary judgment. *See* dkt. no. 11. Subsequently, on June 7, 2013, Plaintiff's counsel contacted Defendant's counsel to confirm that the Ewing Declaration constituted Defendant's full compliance with the D.C. Circuit's decision

---

[2] ODNI assigned sequential request numbers to those requests as follows: DF-2012-00090, DF-2012-00091, and DF-2012-00092. *See* Declaration of Mark J. Ewing, ("Ewing Decl."), dkt. no. 11-2 at ¶¶ 18, 23, 28.

[3] Plaintiff has not contested the adequacy of Defendant's search.  *See* dkt. no. 12-2.

in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  Counsel for the parties spoke by telephone about this issue on June 10, 2013.  Plaintiff's counsel did not mention the issue of attorney's fees and costs in this conversation or in any other communication with Defendant's counsel.

## ARGUMENT

**I.      Plaintiff Has Failed to Comply with Federal Rule 7(b) and Local Rule 7(m).**

EPIC seeks summary judgment in its "Opposition to Defendant's Motion for Summary Judgment, Cross Motion for Summary Judgment, and Request for Oral Hearing." *See* dkt. no. 12-1.  Embedded within the Memorandum of Points and Authorities in support of this motion is a *de facto* separate motion, requesting that the Court rule that Plaintiff is both eligible for and entitled to attorney's fees and costs.  *See* dkt. no. 12-2 at 22-27.  This portion of its brief is: 1) segregated into Part II of its brief; 2) titled "EPIC is Entitled to Recover its Costs and Fees"; and 3) completely divorced from Plaintiff's arguments on the merits.  *Id.* at 22.  As such, it constitutes a *de facto* second motion seeking distinct relief.  Indeed, Plaintiff explicitly acknowledges in the opening line of Part II that its arguments on costs and fees are wholly separate from its merits arguments and implicitly treats this portion of the brief as a *de facto* distinct motion, declaring that it is entitled to relief on attorney's fees and costs "irrespective of the outcome of the parties' cross-motions for summary judgment." *Id.*

Plaintiff's filing violates two provisions of the Federal and Local Rules of Civil Procedure.  First, Plaintiff's inclusion of this request in its Memorandum of Points and Authorities, dkt. no. 12-2, and proposed order, dkt. no. 12-3, but not in its Motion, dkt. no. 12-1, fails to comply with Federal Rule of Civil Procedure 7(b)(1).  Rule 7(b)(1) requires that any "request for a court order must be made by <u>motion</u>," and that the "<u>motion</u> must . . . state the relief sought."  Fed. R. Civ. P. 7(b)(1); 7(b)(1)(C) (all emphasis added).  Plaintiff's motion, docketed as entry No. 12-1, does not request the relief with respect to attorney's fees sought by Plaintiff's Memorandum and proposed order.  *Compare* dkt. no. 12-1 ("Plaintiff the Electronic Privacy Information Center opposes Defendant's May 10, 2013 Motion for Summary Judgment and

3

cross-moves for summary judgment") *with* dkt. no. 12-2 at 22 ("EPIC asks the Court to enter judgment as to EPIC's eligibility and entitlement to fees and to order further briefing as to the amount of costs and fees."). A request for relief described solely in the "statement of the specific points of law and authority that <u>support the motion</u>," Local R. Civ. P. 7(a) (emphasis added), is plainly not in compliance with Fed. R. Civ. P. 7(b)(1). For this reason alone, the Court should strike this portion of Plaintiff's brief.

Even compliance with the Federal Rules, however, would not excuse Plaintiff's failure to comply with Local Civil Rule 7(m), which also warrants striking Plaintiff's motion for attorney's fees. Local Rule 7(m) provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Local Civ. R. 7(m).

Rule 7(m) is applicable here because EPIC's motion is plainly "nondispositive." As this Court has held, a motion for attorney's fees – even one that is related to a dispositive motion – is a nondispositive motion that is subject to the requirements of Rule 7(m). *See Alberts v. HCA Inc.*, Misc. No. 06-0088, 405 B.R. 498, 501-02 (D.D.C. May 19, 2009) (*citing Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 26 (D.D.C. 2001). Failure to comply with Rule 7(m) "will result in denial of the motion." *Alberts*, 405 B.R. at 501 (*citing Abbott GmbH & Co. KG v. Yeda Research & Dev., Co.,* 576 F. Supp. 2d 44, 48 (D.D.C. 2008); *U.S. ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006)). This conclusion comports with the D.C. Circuit's holding defining a dispositive motion as one "that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997).

It is true that, on at least one occasion, this Court has found that Rule 7(m) does not apply in the "limited context" of FOIA attorney's fees. *See EPIC v. DHS*, 811 F. Supp. 2d 216, 233 (D.D.C. 2011) (Urbina, J.). In that case, however, the Court relied on precedent that, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "the plea for attorney's fees is itself the underlying claim" and therefore a dispositive motion. *See id.* (*citing Tripoli Rocketry Ass'n v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 698 F. Supp. 2d 168, 173 (D.D.C. 2010)). In contrast to the EAJA – a statute entirely addressed to the award of costs and fees – there can be no doubt that the claim for fees in a FOIA action is not "the underlying claim." *Id.* Rather, it is one provision of a much larger statute whose primary purpose is to ensure the accessibility of federal government records, subject to certain exemptions. *See* 5 U.S.C. § 552(a)(4)(E); *see also Vaughn v. Rosen*, 523 F.2d 1136, 1142 (D.C. Cir. 1975) (noting that the purpose of FOIA is "to assure public access to all governmental records whose disclosure would not significantly harm specific governmental interests") (*quoting Soucie v. David*, 448 F.2d 1067, 1080 (D.C. Cir. 1971).

The purpose of Rule 7(m) "is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to create an opportunity for the parties to narrow the disputed issues that must be brought to the court." *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 47 n.1 (D.D.C. 2009) (*citing Ellipso v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006)). This rationale is directly applicable here, where Plaintiff has brought the issue of fees and costs to the Court without making any attempt to approach Defendant to resolve the issue first. Put simply, there is no need for the Court to consider the issues of fees and costs now, when the parties have not yet discussed or attempted to reach a resolution on these issues. The Court in *EPIC v. DHS* did not grapple with the likely consequence of creating an exception to Rule 7(m) for FOIA fee issues: to take a dispute about attorney's fees that is particularly well-suited for "resolution . . . without court intervention," *Smith*, 598 F. Supp. 2d at 47 n.1, and create the incentive for a party to forego a negotiated resolution in favor of seeking "fees on fees" for filing a motion. Thus, the better approach to Rule 7(m) in this context is that taken by this Court in considering Rule 7(m)'s

application to other requests for attorney's fees: to require parties to comply with the meet-and-confer requirement. *See, e.g.*, *Alberts*, 405 B.R. at 501; *Niedermeier*, 153 F. Supp. 2d at 26.

Plaintiff had ample opportunity to comply with the requirement to confer regarding this issue. Counsel for the parties specifically discussed the filing of Plaintiff's cross-motion for summary judgment during a telephone call initiated by Plaintiff's counsel prior to its filing. There is no excuse for Plaintiff's decision to ignore the Local Rules, bypass the required consultation with Defendant's counsel, and deny any opportunity for the parties to negotiate a resolution regarding attorney's fees before bringing the matter to the Court. The appropriate remedy for Plaintiff's misbehavior is to strike this portion of Plaintiff's brief and to schedule briefing of the issue at the appropriate time, namely, following resolution of this case on the merits.

## II. Plaintiff's Motion for Attorney's Fees is Also Premature and Briefing Should Be Postponed Until After a Decision on the Merits.

### A. Applications for Fees Are Appropriately Resolved After the Merits Stage.

In addition to being invalid under the Civil Rules, Plaintiff's *de facto* motion for attorney's fees is filed prematurely because briefing of eligibility and entitlement to attorney's fees and costs is appropriately scheduled after the Court resolves the merits of the case. "An 'award of attorneys fees is uniquely separable from the cause of action' that is settled by a court's judgment on the merits[.]" *FCC v. League of Women Voters of Cal.,* 468 U.S. 364, 373 n.10 (1984) (finding motion for attorney's fees did not affect the finality of a judgment for appellate purposes) (correction marks omitted) (*quoting White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 451-52 (1982) (concluding that an application for attorney's fees under a "prevailing party" statute similar to FOIA was collateral to merits issues and thus beyond the reach of Fed. R. Civ. P. 59(e)).

In the normal course of events, in a FOIA case or otherwise, a prevailing party moves for fees and costs after the Court enters judgment. *See, e.g., Davy v. C.I.A.,* 550 F.3d 1155, 1158

(D.C. Cir. 2008) ("After the agency filed a superseding motion for summary judgment [in a FOIA case], the district court granted the agency's motion. [The plaintiff] thereafter timely filed a motion for attorney's fees under 5 U.S.C. § 552(a)(4)(E)."); *N.Y.C. Apparel F.Z.E. v. U.S. Customs & Border Protection Bureau*, 563 F. Supp. 2d 217, 219-20 (D.D.C. 2008) (describing FOIA plaintiff's motion for attorney's fees filed after the court ruled on summary judgment). Indeed, both the Federal Rules and the Local Rules contemplate that fee requests will be litigated following judgment on the merits. Fed. R. Civ. P. 54(d)(2) requires that a motion for attorney's fees "specify the judgment . . . entitling the movant to the award." *See* Fed. R. Civ. P. 54(d)(2)(B)(ii) (also requiring that the motion specify the statute, rule, and other grounds warranting a fee award); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring that a motion for attorney's fees be made "no later than 14 days after the entry of judgment") (emphasis added). Similarly, Local Civ. R. 54.2(a) suggests that the Court, after judgment, task the parties with negotiating an "agreement on fee issues." *See* Local Civ. R. 54.2(a) ("In any case in which a party may be entitled to an attorney's fee from another party, the court may, at the time of entry of final judgment, enter an order directing the parties to confer and to attempt to reach agreement on fee issues.") (emphasis added). *See also* Local Civ. R. 54.1(a) (requiring that a bill of costs be filed "within 21 days after entry of judgment") (emphasis added for all preceding citations).

       This Court has therefore repeatedly concluded that a request for attorney's fees under FOIA, when made at the merits stage, is premature. Indeed, more than one such case involves EPIC itself in situations where it made substantially similar arguments to those it makes in its *de facto* motion here. *See Elec. Privacy Info. Ctr. v. Dep't of Homeland Security,* 760 F. Supp. 2d 4, 9 (D.D.C. 2011) (Urbina, J.); *Elec. Privacy Info. Ctr. v. Dep't of Homeland Security*, 2013 U.S. Dist. LEXIS 28737 at *14 (D.D.C. Mar. 4, 2013) (Bates, J.). In the first of these cases, EPIC claimed eligibility for fees purely based on the timing of the release of records relative to its filing suit. *See* 760 F. Supp. 2d at 9 n.5 ("In its cross-motion [for summary judgment], the plaintiff also moves the court for an award of attorney's fees. . . . The court agrees with DHS that resolution of this issue is premature . . . .") (internal citations omitted). *See also Quick v.*

*U.S. Dept. of Commerce, Nat'l Inst. of Standards & Tech.,* 775 F. Supp. 2d 174, 183 (D.D.C. 2011) (finding summary judgment motion for attorney's fees premature where plaintiff sought judgment that he be "deemed to have 'substantially prevailed' . . . because [the agency] produced records responsive to his request after the commencement of the instant action"); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 37 n. 18 (D.C. Cir. 1998) (finding "discussion of attorney's fees is premature" when substantive issues remained in FOIA case); *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 272-73 (D.D.C. 2009) ("In light of the Court's conclusion that, at this stage, final judgment is not appropriate for either party, and because plaintiff has not articulated any need for an interim award of fees, the Court concludes that plaintiff's attorneys' fees motion is premature."); *Wheeler v. Exec. Office of U.S. Attorneys*, No. 05-1133, 2008 WL 178451, *7 (D.D.C. Jan. 17, 2008) (finding that request for attorney's fees was premature when substantive issues remained in FOIA case).  As in the above-cited cases, this Court should find that the issue of attorney's fees should be postponed until after the merits stage.

### B. Proceeding with Plaintiff's Premature Motion Requires Speculation About the Court's Findings at Summary Judgment and Risks Duplicative Litigation of the Issues Associated with Plaintiff's Request for Fees.

EPIC's fee petition is premature in this instance because the record simply does not contain sufficient information to justify an award of fees.  Further, EPIC's filing at this early stage may require the parties to brief, and the Court to adjudicate, the issues of eligibility and entitlement more than once.  Postponement of briefing on this issue until after resolution of the merits will thereby promote judicial efficiency.

In support of its argument for eligibility for attorney's fees, EPIC asserts, based entirely on the fact that it obtained responsive documents subsequent to filing suit, that its litigation created a "voluntary or unilateral change in position by the agency."  5 U.S.C. § 552(a)(4)(E)(ii).  Pl.'s Mem. at 22-24.  Yet to prevail under this argument, generally known as the "catalyst theory," EPIC must show "something more than *post hoc, ergo propter hoc*" – *i.e.*, that the agency provided its FOIA response after the lawsuit was filed.  *See Church of Scientology of Cal.*

*v. Harris,* 653 F.2d 584, 587-88 (D.C. Cir. 1981). ("the party seeking such fees in the absence of a court order must show that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between that action and the agency's surrender of the information."). Thus, the simple chain of events recited by EPIC in its brief does not alone make it eligible for fees.

Moreover, under the circumstances presented here, ODNI is likely to prevail on Plaintiff's claim of eligibility for attorney fees at this early stage. Production of responsive records occurred after Plaintiff agreed to substantially narrow the scope of its requests, and it required ODNI many months to complete these narrower searches and to process the results. Meanwhile, in response to other FOIA requesters who submitted requests similar to the initial, broad requests made by EPIC, ODNI has been conducting the lengthier searches (i.e. those required without EPIC's agreement to narrow the scope of its requests) to attempt to respond – even though those requests have not resulted in any litigation. For this reason, with appropriate, detailed briefing and the preparation of supporting declarations, ODNI may oppose Plaintiff's claim of eligibility for fees with a reasonable prospect of success.[4]

Likewise, in order to establish that it should prevail on the issue of entitlement to fees, EPIC must demonstrate that four factors – "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents" – accrue, in balance, in its favor. *Davy*, 550 F.3d at 1159. Although Plaintiff contends in its *de facto* motion that these factors have been met, an evaluation of the first and fourth will necessarily depend on how the Court resolves the merits of the cross-motions for summary judgment as to the exemptions ODNI has invoked. By requesting relief that is in part dependent on the Court's resolution of the

---

[4] ODNI anticipates that contesting Plaintiff's claims of eligibility and entitlement along the lines set forth above will require making a factual presentation to the Court that is not feasible within the two weeks allowed by the parties' agreed-upon briefing schedule for ODNI's reply in support of its motion for summary judgment. *See* dkt. no. 10; Minute Order (June 14, 2013). This further underscores the consequences of Plaintiff's failure to meet and confer pursuant to Rule 7(m): Plaintiff's surprise motion has undercut the schedule agreed to by the parties in their previous discussions.

concurrent summary judgment motions, Plaintiff's premature attorney's fee motion deprives the parties of the opportunity to brief the issue of entitlement in its full context.

Moreover, should briefing proceed at this early stage on Plaintiff's motion for attorney's fees, there are many circumstances under which the outcome of the parties' summary judgment motions will lead to re-litigation of the questions of eligibility and entitlement to attorney's fees.[5] *See, e.g.*, *Judicial Watch v. DOJ*, 878 F. Supp. 2d 225, 239-240 (D.D.C. July 23, 2012) (awarding attorney's fees for initiation of FOIA litigation, but not for unsuccessful summary judgment motion); *Summers v. DOJ*, 477 F. Supp. 2d 56, 64 (D.D.C. 2007) (award of fees unavailable for "hours spent on unsuccessful claims that are distinct in all respects from successful claims"). Plaintiff should not be granted a license to cause repetitive litigation of the same issues when those issues can be resolved all at once at a later stage.

### C. Plaintiff's Premature Motion for Attorney's Fees Undercuts the Likelihood of Settlement and the Purpose of Local Rule 54.2.

Local Civ. R. 54.2 makes clear that as a matter of judicial policy, this Court's strong preference is for parties to undertake good-faith negotiations and to resolve the question of attorney's fees without involvement of the Court. It thus provides that "[i]n any case in which a party may be entitled to an attorney's fee from another party, the court may, at the time of entry of final judgment, enter an order directing the parties to confer and to attempt to reach agreement on fee issues." *See* Local Civ. R. 54.2(a). Conversely, EPIC's request for the Court to adjudicate the issues of its eligibility for, and entitlement to, attorney's fees effectively asks the Court to render an advisory opinion about a matter that the parties may be able to resolve. The United States and its agencies frequently settle fee disputes in FOIA cases – typically after the entry of judgment – and there is simply no need for the Court to rule on the issues of eligibility and entitlement for fees at this early stage.

---

[5] Further briefing following a grant of summary judgment to Plaintiff is particularly likely in this case because the twenty-one documents for which withholdings have been challenged at summary judgment were released as a matter of agency discretion rather than as responsive documents, a circumstance that complicates the fee issue.

10

Plaintiff's attempt to litigate attorney's fees also undercuts the likelihood that the parties can reach a negotiated settlement on the issue.  Regardless of the stage of litigation at which the parties begin to discuss the issue of attorney's fees, one of the strongest incentives that the parties have to resolve the issue without involving the Court is to avoid the burdens and costs of litigating that issue (so-called "fees on fees" litigation).  By presenting the issues of eligibility and entitlement separately, divorced from any negotiation or any request for a specific amount of fees, Plaintiff's approach requires the parties to incur the principal burdens of litigating the issue of fees now.  At this stage of this case, moreover, where Plaintiff's eligibility and entitlement depend on factual questions, the burden on Defendant likely includes having its FOIA personnel – who could otherwise be engaged in responding to other requests for information under FOIA – review the facts and circumstances pertaining to the FOIA requests at issue in this case.  Undertaking these efforts now dramatically reduces the incentive for compromise later, ultimately increasing the likelihood that the Court will be forced to resolve any disputes over the amount of fees that may arise later.

## CONCLUSION

For the foregoing reasons, Defendant's motion to strike and to stay briefing should be granted.

Dated: June 28, 2013                                Respectfully submitted,

   STUART DELERY
Acting Assistant Attorney General

   RONALD C. MACHEN JR.
   United States Attorney
   District of Columbia

ELIZABETH J. SHAPIRO
Deputy Branch Director,
 Federal Programs Branch

 _/s/ ERIC J. SOSKIN_____
ERIC J. SOSKIN  (PA Bar No. 200663)

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0533
Fax: (202) 305-8517
Email: eric.soskin@usdoj.gov

Attorneys for Defendant